[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10812
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cv-62274-WPD

CHRIS RAMLOCHAN,

Plaintiff-Appellant,

versus

SECRETARY, U.S. DEPARTMENT OF COMMERCE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 27, 2013)

Before PRYOR, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Chris Ramlochan appeals pro se a judgment in favor of the Secretary for the U.S. Department of Commerce.  Ramlochan filed a second amended complaint that his supervisor at the Bureau of the Census discriminated against him because of his race, in violation of Title VII of the Civil Rights Act of 1964, see 42 U.S.C. § 2000e-16, and that he was not paid for his last day of work and a related mileage expense, in violation of the Fair Labor Standards Act, 29 U.S.C. § 206.  The district court dismissed Ramlochan's claim of discrimination on the ground that he failed to exhaust his administrative remedies.  Later, the district court entered summary judgment against Ramlochan's claim for unpaid wages on the ground that the amount he was paid for the workweek, even deducting the cost of mileage, did not reduce the wages he received below the minimum wage law.  Ramlochan appeals both the dismissal of his claim of discrimination and the summary judgment against his claim for unpaid wages.  We affirm.

The district court did not err by dismissing Ramlochan's claim of discrimination for failure to exhaust his administrative remedies.  Ramlochan admits that he failed to comply with the requirement that he "initiate contact with a Counselor [in the Equal Opportunity Employment Commission] within 45 days of the date of the matter alleged to be discriminatory."  29 C.F.R. § 1614.105(a)(1).  Ramlochan argued to the district court that he was entitled to equitable tolling because he "was not notified of the time limits and was not otherwise aware of

2

them," see id. § 1614.105(a)(2), but the district court found that Ramlochan "[had] attached to his Second Amended Complaint three exhibits [— two pages of an employee handbook and the signature page of his employment agreement —] which contain separate notices provided to him of the 45-day deadline." Although Ramlochan argued that use of the words "may" and "must" in the handbook "failed to alert [him] of the mandatory nature of the limitation period," the district court ruled that one page in the handbook "[i]n particular" provided notice of the deadline by stating that an employee "must contact the EEO office within 45 calendar days from the date of the matter [he] allege[s] is discriminatory or, in the case of personnel action, within 45 calendar days from the effective date of the action." Ramlochan argues that the district court erred by relying on the employment agreement without first resolving his challenge to the authenticity of that agreement, but we need not address that argument because Ramlochan does not dispute that he received notice of the deadline in his employee handbook. Ramlochan argues, for the first time in his reply brief, that he "was not notified of the time limits" because "[t]he Handbook was taken away immediately," but "we do not address arguments raised for the first time in a pro se litigant's reply brief," Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

The district court correctly entered summary judgment against Ramlochan's claim under the Fair Labor Standards Act. Ramlochan does not challenge the

determination that the Secretary complied with the minimum wage law and has abandoned that issue for purposes of this appeal.  See id.  Ramlochan argues that he was entitled to payment for the actual hours that he worked on May 11, 2010, but the Act does not contain a provision requiring payment for every hour worked. See generally 29 U.S.C. §§ 201–219; see also id. § 216 (creating liability for violations of minimum wage and overtime laws).  Ramlochan argues that the district court "erred in not considering [his argument that the Secretary engaged in] improper record-keeping practices," but the Act vests exclusive authority to enforce recordkeeping in the Secretary of Labor.  See id. §§ 211(a), 211(c), 217; see also Powell v. Florida, 132 F.3d 677, 678 (11th Cir. 1998).

Ramlochan argues, for the first time on appeal, that the district court violated his rights to due process under the Fifth and Fourteenth Amendments and to a trial by jury under the Seventh Amendment, but the district court was not obliged "to go forward with a jury trial when the pertinent facts [were] obvious and indisputable from the record," Garvie v. City of Ft. Walton Beach, Fla., 366 F.3d 1186, 1190 (11th Cir. 2004).

We **AFFIRM** the judgment in favor of the Secretary.

4

MARTIN, Circuit Judge, dissenting:

I respectfully dissent.  In this Circuit, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  Here, I fear that the majority holds Mr. Ramlochan to a higher pleading standard than is appropriate for pro se litigants.  My concern about the leniency with which we have reviewed Mr. Ramlochan's pleadings relates to the issue of whether he properly pled a basis for equitable tolling of the requirement that he make contact with the EEO Counselor within 45 days of the discriminatory act.  Beyond that, I would also address the District Court's failure to recognize or resolve Mr. Ramlochan's challenge to the authenticity of his signature on the employment agreement, while the majority opinion does not reach that issue.  In light of each of these concerns, I would grant Mr. Ramlochan relief on the equitable tolling issue and remand to the District Court for consideration of the merits.

To give the majority its due, Mr. Ramlochan's complaint never specifically says "I did not receive the Employee Handbook."  Neither did he plead, as he has argued on appeal, that his supervisors immediately took the Handbook from him, denying him an opportunity to review its contents.  But by the same token, Mr. Ramlochan does plead that he never received any notice of the time limits.  In light

5

of the principle articulated in <u>Tannenbaum</u>, I would liberally construe this general denial as an allegation that Mr. Ramlochan never received the notice in the Handbook.

I have also come to a different conclusion than the majority for the reason that the District Court relied on the signature page from an employment agreement in reaching its conclusion that Mr. Ramlochan received notice of the deadline. In so doing, the District Court ignored Mr. Ramlochan's allegations contesting the authenticity of the signature page on which it relied. Because the record makes clear that the District Court's decision rested at least in part on the signature page without addressing Mr. Ramlochan's challenge to its authenticity, I would remand for further factual development. See <u>Corn v. City of Lauderdale Lakes</u>, 95 F.3d 1066, 1073 (11th Cir. 1996) (remanding for additional factual development because the record was insufficient for this Court to review the basis and propriety of the District Court's decision).

For these reasons, I respectfully dissent.